15-1029-cv
Pig Newton, Inc. v. Boards of Directors

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1 At a stated term of the United States Court of Appeals for
2 the Second Circuit, held at the Thurgood Marshall United States
3 Courthouse, 40 Foley Square, in the City of New York, on the
4 21st day of March, two thousand seventeen.
5
6 PRESENT: DENNIS JACOBS,
7 ROBERT D. SACK,
8 Circuit Judges,
9 PAUL A. ENGELMAYER,
10 District Judge.[1]
11
12 - - - - - - - - - - - - - - - - - - - -X
13 PIG NEWTON, INC.,
14 Plaintiff-Counter-
15 Defendant-Appellant,
16
17 -v.- 15-1029-cv
18
19 BOARDS OF DIRECTORS OF THE MOTION
20 PICTURE INDUSTRY PENSION PLAN, MOTION
21 PICTURE INDUSTRY INDIVIDUAL ACCOUNT
22 PLAN, MOTION PICTURE INDUSTRY HEALTH
23 PLAN,
24 Defendants-Counter-
25 Claimants-Appellees.

---

[1] Judge Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

1

```
- - - - - - - - - - - - - - - - - - - - - - - -X
```

**FOR APPELLANT:**            Ronald E. Richman, Michael E.
                              Swartz; Schulte Roth & Zabel LLP,
                              New York, NY.

                              William E. Zuckerman, Elizabeth
                              O'Leary; Kauff McGuire & Margolis
                              LLP, New York, NY.

**FOR APPELLEES:**            Franklin K. Moss, Gillian
                              Costello; Spivak Lipton LLP, New
                              York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Failla, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff and counter-defendant Pig Newton, Inc. appeals from the judgment of the United States District Court for the Southern District of New York (Failla, J.), granting summary judgment in favor of the administrators of three multiemployer employee benefit plans, which are subject the Employee Retirement Income Security Act ("ERISA"). We review de novo the district court's grant and denial of motions for summary judgment, viewing the record with respect to each "in the light most favorable to the non-moving party." See Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Appellant Pig Newton is the producer of the television series "Louie" (and other ventures not at issue here). Louis Szekely, known professionally as Louis C.K., is the sole owner of Pig Newton and is employed by the company as the producer, writer, director, star performer, and editor of "Louie." The multiemployer benefit plans at issue respectively provide pension, retirement, and health benefits to individuals who work in the motion picture industry. Each plan is governed by a Trust Agreement.

At issue in this litigation is Pig Newton's obligation to contribute to the plans for Szekely's work as an editor, which accounts for only 15% of his work for (and 8% of his compensation from) the company. Pig Newton brought this action seeking a declaratory judgment that it is obligated to contribute to the plans only for hours Szekely actually worked as an editor. The defendants argue that under the "controlling employee" provisions of the Trust Agreements, Pig Newton must contribute for Szekely at a rate of 40 hours per week and 50 weeks per year regardless of how many hours he worked as an editor. (They filed counterclaims seeking delinquent contributions.)

The Trust Agreements impose that special contribution obligation with respect to certain types of employees, including "controlling employees," which are defined as employees who are shareholders, members, or officers of the employer (or spouses of such shareholders, members, or officers) who are not the only employee of the employer covered by an applicable collective bargaining agreement ("CBA"). App. 724. The obligations are evidently designed to assure that controlling employees, who may be able to control their own hours, do not assign themselves a minimum number of hours to qualify for benefits, thereby minimizing contributions and maximizing coverage.

**1.** Pig Newton, while represented by counsel, agreed to be bound by the Trust Agreements, and therefore is subject to the controlling-employee provisions. In various "Agreements of Consent" and "Trust Acceptances," Pig Newton agreed "to become a party to and be bound by . . . the Trust Agreements," App. 1097 at ¶ 3, and to do so "to the same extent as though [it] had executed such Trust Agreements." App. 1098 at ¶ 7. Pig Newton acknowledged familiarity with their provisions and specifically agreed to their contribution requirements. Id.; see also App. 1123–24, 1151–52, 1180–81.

Pig Newton's arguments that the directors lacked the power to enact the controlling-employee provisions are unpersuasive. It is undisputed that when Pig Newton agreed to be bound by the Trust Agreements (and acknowledged familiarity with their terms), the controlling-employee provisions had been a part of them for decades. In La Barbera v. J. D. Collyer Equip. Corp., 337 F.3d 132 (2d Cir. 2003), we held that trustees of a benefit

3

fund had exceeded their authority by adopting a similar rule unilaterally without being vested with the power to do so by the Trust Agreement or any other authority. Id. at 137-39. In the present case, however, the controlling-employee provisions are part of the Trust Agreements themselves, and have been since before Pig Newton agreed to them.

**2.** Pig Newton argues that the controlling-employee provisions are contradicted (and effectively overruled) by Paragraph 6 of the Trust Acceptances, which states that "[t]he required contributions shall be made as [t]o employees only for such services as the employees actually rendered in connection with motion picture productions," App. 1098, and by Article 7 of the CBAs, which sets out contribution rates "for all hours worked or guaranteed." App. 1109.

The interpretation of Paragraph 6 that Pig Newton evidently favors--a one-for-one formula between hours worked and plan contributions--would put these provisions in tension not only with the Trust Agreements but also with each other. It is, as Judge Failla noted below, a "cardinal principle of contract construction[] that a document should be read to give effect to all its provisions and to render them consistent with each other." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995). The same reasoning applies across multiple documents that are incorporated by reference. The applicability of rates for "hours worked *or guaranteed*" compels the interpretation that contributions "only for such services as the employees actually rendered" include contributions for hours guaranteed but not worked. Therefore, the limitation that contributions are "only for such services as the employees actually rendered" does not mandate an hour-for-hour formula.

Contributions for guaranteed (though unworked) hours, and for hours set by the controlling-employee rule when the controlling employee does some of the relevant work, are contributions in respect of "such services as the employees actually rendered" notwithstanding that the contribution does not necessarily correspond to the number of hours and weeks that were worked.

```
1       Accordingly, and finding no merit in appellant's other
2  arguments, which we reject substantially for the reasons given
3  by the district court in its thorough decision, we hereby AFFIRM
4  the judgment of the district court.

5                            FOR THE COURT:
6                            CATHERINE O'HAGAN WOLFE, CLERK
```

*[Signature of Catherine O'Hagan Wolfe with seal of United States Court of Appeals, Second Circuit]*